# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHOICE FASHION, INC., et al.,

    Plaintiffs,

v.                                                  Case No. 09-10995

UNITED STATES BUREAU OF ALCOHOL,
TOBACCO, FIREARMS & EXPLOSIVES,

    Defendant.
_____/

## OPINION AND ORDER DENYING "MOTION TO INTERVENE"

Pending before the court is a "Motion to Intervene" filed by JND, Inc., Jun Ro Lee, Petrica Uriziceanu, and Jeffrey Goodman ("Prospective Intervenors") on April 1, 2009. Having reviewed the briefs in the matter, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

## I. BACKGROUND

On March 16, 2009, Plaintiffs[1] filed a complaint in this court pursuant to 5 U.S.C. § 702, requesting a declaratory judgment compelling Defendant United States Bureau of Alcohol, Tobacco, Firearms & Explosives to produce Special Agent John Allen for a deposition to be used in a state court proceeding in Wayne County Circuit Court ("State Case").

---

[1] Plaintiffs are Choice Fashion, Inc., Byung Choi, J. Yoon, Inc., Un Yim Hart, Un S. Hoffman, Do Eui Hong, Chang D. Kim, Gina Fashion, Inc., Chi Chol Kim, In Sook Kim, Mi Yeon Kim, Wooil Trading, Inc., J. Fashion Town, Inc., Kil S. Pae, Myung Soo Seok, and Un H. Sin.

Plaintiffs were tenants of a single-level retail building, the 7 Days Mini Mart, owned by Prospective Intervenor JND, Inc.  (Mot. ¶ 2.)  On November 10, 2004, a fire consumed the 7 Days Mini Mart, and Plaintiffs later sued Prospective Intervenors in the State Case for damages sustained by Plaintiffs in the fire as a result of Prospective Intervenors' alleged negligence.  (*Id.*)

Defendant investigated the fire, and Plaintiffs deposed Defendant's lead investigator, Special Agent Christopher Van Vleet, in order to use the testimony in their State Case.  (*Id.* ¶¶ 4-5.)  However, use of Van Vleet's deposition as evidence at trial was prohibited by the court in the State Case because it relied on the observations and opinions of Special Agent Allen.  (*Id.* ¶¶ 6-7.)   As a result, Plaintiffs wrote a letter, on August 8, 2008, to Defendant pursuant to 28 C.F.R. § 16.21, *et seq.*, making a formal demand on Defendant for Plaintiffs to take the deposition of Special Agent Allen regarding his role in the fire investigation.  (Def.'s Resp. Br. 2.)  Defendant released the file for the fire investigation but did not permit the deposition of Allen.  (*Id.*)  On January 5, 2009, Plaintiffs renewed their demand on Defendant with another letter and an enclosed subpoena.  (*Id.* at 3.)  Plaintiffs received no response from Defendant, and on March 16, 2009, Plaintiffs filed action in this court to compel Allen's deposition.

## II.  DISCUSSION

In their motion, Prospective Intervenors argue that they have an interest in the instant federal action because Prospective Intervenors are defendants in the underlying State Case, and, should the court compel Special Agent Allen's deposition, Prospective Intervenors' "interests and position in deposing Special Agent Allen will not be thoroughly and accurately represented to this Court and they would likely suffer

prejudicial effect if a time limit is placed on Special [Agent] Allen's deposition scheduling discussions." (Mot. Br. i.)  Therefore, Prospective Intervenors have asked the court to permit them to intervene "to contribute to discussions concerning the scheduling and duration of Special Agent Allen's deposition should Plaintiffs be successful on the merits of the case." (Mot. ¶ 14.)

Plaintiffs do not take a position on the Prospective Intervenors' motion, but request that, should the court grant the motion, Prospective Intervenors "be limited to participating in discussions concerning the scheduling and duration of Special Agent Allen's deposition because these are the only reasons identified by [Prospective Intervenors] as necessitating their intervention in this action." (Pls.' Resp. at 3-4.)

Defendant, however, has argued that the court should deny Prospective Intervenors' request.  Defendant argues that Prospective Intervenors, "who did not subpoena Chief Allen or otherwise make a demand for his deposition testimony, have no standing to challenge the agency decision being reviewed in this APA action nor do they have an interest that can be prejudiced by the outcome of this case." (Def.'s Resp. Br. 4.)

Under Federal Rule of Civil Procedure 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  However, Rule 24 also states, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. (b)(3).  "Permissive intervention" under Rule 24(b) "is addressed to the sound discretion of the trial court."  *Afro Am. Patrolman's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974)

3

(citing *Hatton v. County Bd. of Educ.*, 422 F.2d 457, 459 (6th Cir. 1970)).

The Supreme Court has stated that "the words 'claims or defenses' in this context manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Diamond v. Charles*, 476 U.S. 54, 76 (1986). Permissive intervention "plainly . . . require[s] an interest sufficient to support a legal claim or defense which is 'founded upon [that] interest' and which satisfies the Rule's commonality requirement." *Id.* at 77 (quoting *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).

Prospective Intervenors expressly brought their motion pursuant to Rule 24(b)(1); however, they have asserted no claim or defense in common with Plaintiffs or Defendant. *See Diamond*, 476 U.S. at 77. Prospective Intervenors have not sought and have not been denied by Defendant the opportunity to depose Special Agent Allen. Nor do they allege any other injury or violation by Defendant, or for that matter, by Plaintiff, that would entitle them to relief by this court. They merely request an opportunity to participate in the scheduling and duration of Allen's deposition in the event that the court grants Plaintiffs' requested relief. Therefore, Prospective Intervenors have no such claim or defense of their own because they "assert[] no actual, present interest that would permit [them] to sue or be sued . . . in an action sharing common questions of law or fact with those at issue in this litigation." *Diamond*, 476 U.S. at 77.

Not only does Prospective Intervenors' motion not satisfy the requirements of Rule 24(b), it remains merely speculative in its concern regarding possible prejudice to Prospective Intervenors that may arise as this proceeding progresses. More

4

importantly, Plaintiffs do not oppose Prospective Intervenors' request to participate in discussions regarding the scheduling and duration of any possible deposition. Thus, Prospective Intervenors do not need to intervene in order to receive their requested relief.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the "Motion to Intervene" [Dkt. # 4] is DENIED.

                                           s/Robert H. Cleland  
                                           ROBERT H. CLELAND  
                                           UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 10, 2009, by electronic and/or ordinary mail.

                                           s/Lisa G. Wagner  
                                           Case Manager and Deputy Clerk  
                                           (313) 234-5522